## MARIA E. VOSE, RESPONDENT, *v.* THOMAS WOODS AND OTHERS, APPELLANTS.

*Trespassers — when the parties procuring several void attachments to issue are liable.*

When several attachments are void all the parties who have procured their issue, and directed a constable to levy upon the property of the defendant therein, are liable as trespassers to a third person whose property has been seized by the constable as being the property of the debtor.

Appeal from an order overruling a demurrer interposed to the complaint herein.

This action was brought to recover damages for the wrongful detention of personal property.

The plaintiff resided in the village of Mount Vernon and engaged the defendants Burr Davis and Franklin T. Davis to take her furniture to the city of New York. The defendants John E. Marshall, Burtis Shaff, Ferdinand Decker and Robert George took out four attachments against one J. E. Vose and placed them in the hands of the defendant Woods, who was a constable, who at the direction of the said defendants took the plaintiff's goods thereunder. The attachments were subsequently vacated as void, and the goods were ordered to be returned to plaintiff who demanded of the defendants Burr Davis and Franklin T. Davis, who kept the goods in their possession, that they should take them at once to their destination, which they refused to do and charged and extorted from the plaintiff moreover fifteen dollars in addition. The defendants jointly demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; that causes of action had been improperly united; that it charged Burr Davis and Franklin T. Davis with a breach of contract and extortion; that it does not state facts sufficient to constitute a cause of action against the defendant Woods, and that inconsistent causes of action are joined.

*P. L. McClellan,* for the appellants.

*W. J. Marshall* and *H. D. Lent,* for the respondent.

Barnard, P. J.:

There is a good cause of action against all the defendants. The plaintiff's property was seized by Woods. It was seized under color of separate attachments in favor of the defendants Marshall, Shaff, Decker and George. This attachment was not against the plaintiff, and was illegal and void against "anyone." The property was placed by Woods in the hands of the defendants Davis' in storage, who refused to give it up except upon payment of twenty-five dollars. If the attachments had been good against J. A. Vose, the defendant therein, and the seizure of plaintiff's property there-

under had not been directed or assented to by the plaintiffs therein, the constable would only have been liable. The attachment being void and the constable having been directed to seize J. A. Vose's property, and having in fact seized plaintiff's, all were liable, because the seizure was illegal as to everyone, and it is no defense that, in attempting to trespass upon one person, a trespass was commit ed upon another.

The defendants Davis', by holding under this illegal seizure until they were paid a considerable sum of money to release it, became trespassers *ab initio*. The statements that the plaintiff did deliver the goods in question to the defendants Davis' for transportation for her before the levy was made, and that the levy was made while the goods were in Davis' cart, might have been left out of the complaint. A good cause of action in trespass is set out without these averments. The place of levy, however, was immaterial; its statement does no harm.

The judgment should be affirmed, with costs, with leave to defendants to answer in twenty days on payment of costs.

GILBERT and DYKMAN, JJ., concurred.

Order overruling demurrer to complaint affirmed, with costs, with leave for defendants to answer in twenty days on payment of costs.